STATE of Indiana, Appellant–Plaintiff,

v.

Joseph W. KLEIN, Appellee–Defendant.

No. 49A02–9802–CR–105.

Court of Appeals of Indiana.

Dec. 10, 1998.

Jeffrey A. Modisett, Attorney General, Rosemary Borek, Deputy Attorney General, Indianapolis, for Appellant–Plaintiff.

Robert W. Hammerle, Joseph M. Cleary, Hammerle Foster Allen & Long–Sharp, Indianapolis, for Appellee–Defendant.

## OPINION

KIRSCH, Judge.

The State appeals the dismissal with prejudice of various charges it filed, dismissed, and then refiled against Joseph Klein. The issues presented are:

I. Whether principles of double jeopardy preclude the criminal prosecution of Klein following the State's civil forfeiture of Klein's automobile on the basis that he used the automobile to escape from the commission of some of the charged offenses.

II. Whether the State's dismissal and refiling of the charges, in which it added a new count, constituted an impermissible attempt to avoid an earlier court order refusing to allow the State to amend the charges to add such new count.

We affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

The events underlying the charges against Klein occurred on April 6, 1996 at the home of S.H. who had recently ended a three-year relationship with Klein. The probable cause affidavit alleges that Klein entered S.H.'s home, sexually assaulted her, told her he was going to kill her, tried to strangle her, attempted to suffocate her, and prevented her from leaving the premises. As a result, the State charged Klein with attempted rape, attempted criminal deviate conduct, criminal deviate conduct, and criminal confinement. In addition, the State obtained a warrant to search Klein's car for evidence. The State seized the car and instituted forfeiture proceedings on the ground that the car was used "to facilitate the escape from the commission of criminal confinement and/or rape." *Record I* at 106.[1] Klein was served with the State's forfeiture complaint but failed to respond. The trial court entered a default judgment in favor of the State and ordered Klein's car forfeited.

Over the next several months, plea negotiations resulted in the continuance of the trial to August 4, 1997. A plea agreement was never reached, and, on July 16, 1997, less than three weeks before trial, the State moved to amend the information to add a charge for attempted murder. Klein filed a written objection, and the trial court held a hearing after which it denied the State's motion to amend as untimely. The State then dismissed the four original charges against Klein and refiled an information which included the four original charges plus a new count for attempted murder. Klein then filed a request that the State's dismissal of the charges be with prejudice because the State's addition of the attempted murder count in the refiled charges was an attempt to evade the court's earlier denial of the State's motion to amend, and because further criminal prosecution following the civil forfei-

---

1. This is a consolidated appeal which was originally filed under two cause numbers with two Records of Proceedings, one from an appeal of Klein's motion that the dismissal of the charges be with prejudice and one from an appeal of Klein's motion to dismiss the refiled charges. The Record from the appeal of Klein's motion that the dismissal of the charges be with prejudice, which Record consists of 132 pages, will be referred to herein as "Record I." The Record from the appeal of Klein's motion to dismiss the refiled charges, which Record consists of 58 pages, will be referred to herein as "Record II."

ture of Klein's car violated Klein's protection against double jeopardy. The trial court granted Klein's motion that the dismissal be with prejudice on the grounds argued. The State appeals.

## DISCUSSION AND DECISION

■ The State contends that the trial court erroneously determined that double jeopardy principles prohibit the criminal prosecution of Klein following the civil forfeiture of his car. Although defense counsel made passing references to the state constitution, *see Record II* at 43, *Record I* at 95–96, the case law counsel relied upon in the trial court and now on appeal was decided pursuant to the Double Jeopardy Clause of the United States Constitution as it applies to the states through the Fourteenth Amendment. *See Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Bryant v. State,* 660 N.E.2d 290, 295 (Ind.1995). Counsel does not advance a separate state constitutional argument. For this reason, we decide this case based only upon the federal Double Jeopardy Clause. *See State v. Hurst,* 688 N.E.2d 402, 403 n. 1 (Ind.1997). That Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This protection guards against a second prosecution for the same offense following acquittal, a second prosecution for the same offense following conviction, and multiple punishments for the same offense. *Bryant,* 660 N.E.2d at 295 (citing *Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656).

■ The question here is whether criminal proceedings against Klein following the civil forfeiture of his car constitute multiple punishments for the same offense. In order to answer this question, we must determine whether the forfeiture constituted a punishment for purposes of double jeopardy.

■ An action against property as opposed to an action seeking a monetary penalty, such as a fine, is an action *in rem.* The United States Supreme Court has held that *in rem* civil forfeiture actions under 21

U.S.C. § 881 and 18 U.S.C. § 981 do not constitute punishment and, thus, a subsequent criminal prosecution is not barred under the Double Jeopardy Clause of the United States Constitution. *United States v. Ursery,* 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). In so holding, the Court noted the sharp distinction made in its case precedent "between *in rem* civil *forfeitures* and *in personam* civil *penalties* such as fines: Though the latter could, in some circumstances, be punitive, the former could not." *Id.* at 275, 116 S.Ct. at 2141 (discussing *Various Items of Personal Property v. United States,* 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558 (1931)). The Court went on to distinguish as inapplicable its later precedent which involved civil penalties rather than *in rem* civil forfeitures. *Id.* at 288, 116 S.Ct. at 2147 (distinguishing *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), involving *in personam* civil penalties, *Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767, involving tax proceeding, and *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), involving propriety of civil forfeitures under Eighth Amendment's Excessive Fines Clause). After making such distinctions, the Court reaffirmed its long-standing precedent addressing *in rem* civil forfeitures under the Double Jeopardy Clause. Such precedent contains a two-part test for analyzing *in rem* civil forfeitures:

> "First, we ask whether Congress intended proceedings under [the forfeiture statutes] to be criminal or civil. Second, we turn to consider whether the proceedings are so punitive in fact as to 'persuade us that the forfeiture proceeding[s] may not legitimately be viewed as civil in nature,' despite Congress' intent."

*Ursery,* 518 U.S. at 288, 116 S.Ct. at 2147 (quoting *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984)). A challenger satisfies the second consideration by providing the "clearest proof" that the legislature "provided a sanction so punitive as to 'transform what was clearly intended as a civil remedy into a criminal penalty.'" *Id.* at 278, 116

S.Ct. at 2142 (quoting *89 Firearms,* 465 U.S. at 366, 104 S.Ct. at 1107, which quoted *Rex Trailer Co. v. United States,* 350 U.S. 148, 154, 76 S.Ct. 219, 222, 100 L.Ed. 149 (1956)).

Our supreme court has adopted the *89 Firearms* test, as reaffirmed in *Ursery,* for use in Indiana. *Hurst,* 688 N.E.2d 402 (involving fine for traffic violation).[2] Under the first step of the analysis, we examine the legislative intent behind the forfeiture statute at issue. The State sought forfeiture of Klein's automobile pursuant to IC 34–4–30.1–1 (repealed, now codified at IC 34–24–1–1), a proceeding which our supreme court has deemed civil in nature. *See Katner v. State,* 655 N.E.2d 345, 347 (Ind.1995) ("[f]orfeiture actions have characteristics of both civil and criminal actions; however, forfeiture is properly classified as civil in nature.").

Having answered the legislative intent question in favor of the statutory scheme's civil nature, we turn now to the second step of the analysis. We must look to see whether Klein provided the clearest proof that despite the civil nature of the forfeiture statute, the sanction was so punitive that the forfeiture transformed from civil to criminal. In this regard, the trial court made the following finding and conclusion:

"6. As noted in the Affidavit for Probable Cause which was filed in this case and accompanied the original charging information, Klein and the complaining witness herein, [S.H.], had been dating for approximately three years. On April 9[sic], 1996, Klein is alleged to have driven his Jeep to [S.H.'s] home. While in the home he is alleged to have committed certain criminal acts that formed the basis of the charging information. Thereafter, he is alleged to have voluntarily left [S.H.'s] home after the arrival of her daughter. Accordingly, the sole basis for the civil forfeiture action herein was that Klein drove his vehicle to and from his former girlfriend's house on the date of the alleged crimes.

. . . .

17. Klein was punished when the State forfeited his car. In this case, the sanction of taking and forfeiting Klein's vehicle served only the goals of punishment and served no remedial function, such as compensating the government for any loss. Thus, this amounted to jeopardy within the meaning of the Double Jeopardy clauses of the state and federal constitutions. See, Fifth Amendment to the United States Constitution and Article One, Sec. 14 of the Indiana Constitution; *Dept. of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); *Bryant v. State,* 660 N.E.2d 290, 296 (Ind.1995)."

*Record II* at 36–37 (Finding of Fact No. 6, Conclusion of Law No. 17).

The Records support the trial court's finding and conclusion. The probable cause affidavit reveals that S.H. was in her home when Klein knocked on her door. S.H. opened the door, and Klein, uninvited, entered the home where the charged criminal acts allegedly occurred. Klein left the residence upon the arrival of S.H.'s daughter. The basis of the probable cause affidavit was an interview of S.H. by a Marion County Sheriff's detective. The interview occurred on April 9, 1996, three days following the alleged incident. The original charges were filed on April 11, 1996, and a warrant was issued for Klein's arrest the same day. Klein was arrested on April 12, 1996 and appeared in court on April 16, 1996, less than two weeks after the alleged incident. Other than the interview with S.H., the Records do not contain any evidence that law enforcement was required to engage in a lengthy investigation. The Records similarly do not contain any evidence that Klein evaded or attempted to evade the police or that he put up any resistance when arrested, all of which might have caused the expenditure of law enforcement resources. Thus, as the trial court found, there is no purpose for the forfeiture other than punishment.[3] For this reason, we hold

---

2. To the extent that *Hurst* can be distinguished from *Ursery* on the ground that *Hurst* involved a monetary fine rather than an *in rem* civil forfeiture, we adopt the *89 Firearms* test, as reaffirmed

in *Ursery,* for evaluating *in rem* civil forfeitures in Indiana.

3. We reject the State's argument that any examination of the nature of the forfeiture is precluded

that jeopardy attached upon the punitive forfeiture of Klein's car.[4]

■ Our holding does not relieve Klein from all criminal responsibility, however. In *Bryant,* our supreme court held that an assessment of a civil penalty under Indiana's Controlled Substance Excise Tax, which levies a tax on controlled substances that are delivered, possessed or manufactured in Indiana, precluded criminal prosecution of Bryant on the failure to pay the tax and on the same drug offenses contained in the tax statute, namely, growing marijuana and possessing marijuana. 660 N.E.2d at 300. The court also held that criminal prosecution for maintaining a common nuisance was not precluded by principles of double jeopardy. *Id.* at 303. The basis for this latter holding is that the maintaining a common nuisance offense is not among the drug offenses enumerated in the tax statute. *See* IC 6–7–3–5. Thus, no jeopardy attached on the maintaining a common nuisance offense when the tax was assessed.

The basis of the forfeiture in the present case was Klein's use of his car to escape the commission of the attempted rape and/or the criminal confinement. Rape and criminal confinement are two of the enumerated offenses in IC 34–4–30.1–1 which will warrant the forfeiture of a vehicle used in the escape from such offenses.[5] Criminal deviate conduct is not included in the list of offenses warranting forfeiture. Therefore, the forfeiture of Klein's automobile serves to punish him for the attempted rape and the criminal confinement, but not for the attempted criminal deviate conduct or the criminal deviate conduct. Principles of double jeopardy thus prohibit any further prosecution of Klein on the attempted rape and criminal confinement charges. But because Klein has not been punished for the attempted criminal deviate conduct and criminal deviate conduct charges, criminal prosecution on such charges may proceed.

■ Having made this determination, we must still decide whether criminal prosecution is possible in light of Klein's challenge to the State's dismissal and refiling of the charges following the trial court's denial of the State's motion to amend. Our supreme court has recently addressed a similar situation in *Davenport v. State,* 689 N.E.2d 1226

by the default judgment. It is true that the default judgment established that Klein used the car in an escape from the commission of some of the alleged offenses. Nonetheless, the nature of that escape was so uneventful, and the nature of law enforcement involvement in identifying and apprehending Klein following that escape was so negligible, that the forfeiture of Klein's car constitutes a punishment within the meaning of the Double Jeopardy Clause.

4. This result was caused by the State's procedural decision to bring both criminal and civil actions. As noted by Seventh Circuit Court of Appeals Judge Easterbrook in *United States v. Torres,* this result could have been avoided:

"If the prosecutor had sought both forfeiture and imprisonment via the same indictment, [the defendant's] argument would be a nonstarter. For the double jeopardy clause does not bar cumulative punishments imposed in a single proceeding—whether these punishments be the ordinary combination of prison plus a fine, or consecutive terms in prison, or prison plus a forfeiture. But the prosecutor did not seek both prison and forfeiture in a single indictment, which would have ensured that there would be a single trial (and hence only one jeopardy). Instead the United States commenced separate criminal and administrative proceedings, one seeking imprisonment (plus a

fine) and the other seeking forfeiture. With the benefit of *Austin* and *Kurth Ranch,* both of which were decided after this prosecution began, the prosecutor doubtless can see the hazards of such an approach. The United States would do well to seek imprisonment, fines, and forfeiture in one proceeding. When choosing between civil and criminal forfeitures, the prosecutor will have to recall that after *Halper, Austin,* and *Kurth Ranch,* the nomenclature "civil" does not carry much weight. We must consider whether, by beginning separate, but parallel, proceedings, the prosecutor has freed [the defendant] from imprisonment."

*United States v. Torres,* 28 F.3d 1463, 1464–65 (7th Cir.1994) (footnote and citations omitted).

5. At the time Klein committed the alleged offenses, IC 34–4–30.1–1 (1995 Supp.) provided in pertinent part:

"(a) The following may be seized:

. . . .

(4) A vehicle that is used by a person to:

. . . .

(C) escape from the commission of;

murder (IC 35–42–1–1), kidnapping (IC 35–42–3–2), criminal confinement (IC 35–42–3–3), rape (IC 35–42–4–1), child molesting (IC 35–42–4–3), or child exploitation (IC 35–42–4–4)."

(Ind.1997), *modified on reh'g,* 696 N.E.2d 870 (1998). There, the court held that the prosecutor's dismissal of the original charge followed by the refiling of that charge and the addition of three new charges four days before trial was improper. The court explained:

> "While courts have allowed the State significant latitude in filing a second information, the State cannot go so far as to abuse its power and prejudice a defendant's substantial rights. In the present case, the State received an adverse ruling in the original trial court on its motion to amend the information. As a result, defendant had to defend against one count of murder. In response, the State dismissed the case and filed a second information which contained four counts: the original murder count plus the felony murder, attempted robbery, and auto theft counts. Then, for no apparent reason other than because the State knew that the court had already ruled that the State could not include those additional three counts in the information, the State moved for and was granted transfer to a different court. By doing so, the State not only crossed over the boundary of fair play but also prejudiced the substantial rights of the defendant. Because of a sleight of hand, the State was able to escape the ruling of the original court and pursue the case on the charges the State had sought to add belatedly. This is significantly different than what has been permitted in the past. Therefore, the trial court erred in denying defendant's motion to dismiss the felony murder, attempted robbery, and auto theft charges. We reverse the convictions on those charges."

*Id.* at 1230. We recognize that the present case differs from *Davenport* in two respects. Here, there was no transfer of the charges to a different court. Nonetheless, the transfer was not the dispositive fact in *Davenport.* Rather, it was the "abuse of prosecutorial discretion" in circumventing the court order and prejudicing the substantial rights of the defendant. *See Beason v. State,* 690 N.E.2d 277, 280 n. 9 (Ind.1998) (distinguishing case before it from *Davenport* on grounds that

prosecutor in *Beason* did not use the powers or authority of office to circumvent court order or prejudice substantial rights of defendant). The prosecutor did the exact same thing in the present case. He obtained an unfavorable ruling on a motion to amend, so he dismissed the original charges and refiled to add the new charge solely to circumvent the court's order refusing the amendment.

The other difference between the present case and *Davenport* is that the refiling there occurred four days prior to trial whereas the refiling here occurred three weeks prior to trial. Nonetheless, we still hold that Klein suffered prejudice. The original charges were filed on April 11, 1996, over one year prior to the State's dismissal on July 31, 1997, and the refiling on August 12, 1997. Furthermore, on February 28, 1997, the parties filed a joint motion to continue the then scheduled March 10, 1997 trial date and requested **"a firm and first choice setting in the first week of August, 1997."** *Record I* at 76–77 (emphasis in original). On March 7, 1997, the trial court granted the motion and set the matter for trial on August 4, 1997. During this five-month period, the State still did not add the attempted murder charge. The State argues that the delay in adding the charge resulted from plea negotiations in which the State advised defense counsel that it would add the charge if a plea agreement was not reached. While such a threat of adding charges is a valid negotiating tool, the State, being aware of the applicable time deadlines, runs the risk of untimeliness if it waits too long to call in its bet. In light of the parties' request for a firm and first choice trial setting, Klein was preparing his defense for five months based on the known charges. To add an additional charge just three weeks prior to trial prejudiced his right to prepare a defense on that charge. Thus, in light of *Davenport,* we hold that the trial court correctly dismissed the attempted murder charge with prejudice. Also in light of *Davenport,* in which the court held that the dismissal and refiling of the original murder charge was proper, we hold that the trial court erred in dismissing with prejudice the original charges of attempted criminal devi-

ate conduct and criminal deviate conduct.[6]

We affirm the trial court's dismissal with prejudice of the attempted murder, attempted rape, and criminal confinement charges, and reverse the trial court's dismissal with prejudice of the attempted criminal deviate conduct and criminal deviate conduct charges.

STATON and ROBB, JJ., concur.

6. As we have decided *infra*, further prosecution on the original charges of attempted rape and criminal confinement is barred by principles of double jeopardy.