STATE of Indiana, Appellant
(Plaintiff below),

v.

Joseph W. KLEIN, Appellee
(Defendant below).

No. 49A02–9802–CR–105.

Supreme Court of Indiana.

Sept. 29, 1999.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

Robert W. Hammerle, Joseph M. Cleary, Hammerle Foster Allen & Long–Sharp, Indianapolis, Indiana, Attorneys for Appellee.

SULLIVAN, Justice, dissenting.

The Court of Appeals held that it would be unconstitutional for the State to prosecute Klein for attempted rape and criminal confinement when it had already obtained forfeiture of Klein's automobile. *State v. Klein,* 702 N.E.2d 771, 774–75 (Ind.Ct.App. 1998). A majority of this Court has voted to deny the State's petition to transfer. Chief Justice Shepard and I dissent from the denial of transfer, believing that double jeopardy does not bar Klein's prosecution on these charges.

The State had charged Klein with multiple offenses following his alleged attack on a woman who had recently ended a three-year relationship with him. Acting pursuant to Ind.Code § 34–4–30.1–1 *et seq.* (Supp.1995) (current version at Ind.Code § 34–24–1–1 *et. seq.* (1998)), the State instituted forfeiture proceedings against Klein's car. That statute provides in relevant part that the State may seize and institute forfeiture proceedings with respect to any "vehicle that is used by a person to: (A) commit, attempt to commit, or conspire to commit; (B) facilitate the commission of; or (C) escape from the commission of; murder, kidnaping, criminal confinement, rape, child molesting, or child exploitation." Ind.Code § 34–4–30.1–1(a)(4) (current version at Ind.Code § 34–24–1–1(a)(4) (1998)) (internal citations omitted).

The question of whether certain taxes, fines, occupational debarments and forfeitures trigger the protection of the Double Jeopardy Clause of the United States Constitution[1] has been the subject of regular attention by the United States Supreme Court in recent years. While the Court appears to have used somewhat different formulations to analyze different types of civil sanctions, the analysis required for an *in rem* forfeiture like the one at issue in this case seems clear. That analysis inquires, first, whether the legislature intended Ind.Code § 34–4–30.1–1 to be civil in nature and, if so, whether the statutory scheme is so punitive in form and effect as to transform what was intended as a civil remedy into a criminal penalty. *United States v. Ursery,* 518 U.S. 267, 288, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996); *see also Hudson v. United States,* 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); *State v. Hurst,* 688 N.E.2d 402, 404 (Ind. 1997).

It is beyond dispute that the legislature intended the forfeiture to be civil in nature. The forfeiture statute is located un-

---

1. The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. I note, as the Court of Appeals did, that the State relied upon the Double Jeopardy Clause of the federal constitution and did not proffer an argument based on our state constitution. *See Klein,* 702 N.E.2d at 773.

der a civil law title of the Indiana Code rather than under a criminal law title. Ind.Code § 34–4–30.1 (Supp.1995) (current version at Ind.Code § 34–24–1 (1998)). In addition, the burden of proof imposed upon the State is the civil standard of preponderance of the evidence. Ind.Code § 34–4–30.1–4(a) (1993) (current version at Ind. Code 34–24–1–4(a) (1998)) (stating in part, "[A]t the [forfeiture] hearing, the prosecuting attorney must show by a preponderance of the evidence that the property was within the definition of property subject to seizure under section 1 of this chapter.").

Turning to the second stage of the test, we find little evidence suggesting that forfeiture proceedings under the statute are so punitive in form and effect as to render them criminal despite the legislature's intent to the contrary. Instructive in this regard is *Ursery*. There the Supreme Court said that what was "most significant" in finding the federal forfeiture statutes at issue not to be criminal was that the statutes, "while perhaps having certain punitive aspects, serve important nonpunitive goals." *Ursery*, 518 U.S. at 290, 116 S.Ct. 2135. The Court then gave examples of such nonpunitive goals, twice citing *Bennis v. Michigan*, 516 U.S. 442, 116 S.Ct. 994, 134 L.Ed.2d 68 (1996). (*Bennis* was the widely publicized case that upheld the forfeiture of an automobile in which a man engaged in sexual activity with a prostitute. The man's wife was joint owner of the car and had no knowledge of her husband's activity.) The United States Supreme Court's opinion notes, " '[F]orfeiture of property prevents illegal uses ... by imposing an economic penalty, thereby rendering illegal behavior unprofitable' " and "may abate a nuisance" by preventing further illicit use of property. *Ursery*, 518 U.S. at 290, 116 S.Ct. 2135 (quoting *Bennis*, 516 U.S. at 452, 116 S.Ct. 994). Similar nonpunitive goals in authorizing the forfeiture of motor vehicles used in the crimes specified in our statute are apparent. When viewed in the domestic violence context of this case, they gain particular force.

*Ursery* sets forth additional considerations to support the conclusion that the forfeiture proceedings there were civil, some of which point in the same direction here. First, *in rem* civil forfeiture has not historically been regarded as punishment. *Id.* at 291, 116 S.Ct. 2135. Second, though the statute may fairly be said to serve the purpose of deterrence, this purpose may serve civil as well as criminal goals. *Id.* at 292, 116 S.Ct. 2135 (citing *Bennis*, 516 U.S. at 452, 116 S.Ct. 994). Third, although the statute is tied to criminal activity, this fact is insufficient to render the statutes punitive. *Id. Hurst* used similar analysis and reached a similar result. *Hurst*, 688 N.E.2d at 406.

In holding that the forfeiture of Klein's automobile was criminal punishment, the Court of Appeals appears to suggest that forfeiture can only be justified if it does no more than compensate the State for the law enforcement resources expended in the investigation. *Klein*, 702 N.E.2d at 774. It is true that in *United States v. Halper*, the United States Supreme Court found the Double Jeopardy Clause implicated by a fine so "overwhelmingly disproportionate" to the injury caused that it could not "fairly be said *solely* to serve [the] remedial purpose" of compensating the government for its loss. 490 U.S. 435, 448–49, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) (emphasis added). But the viability of this principle as a matter of double jeopardy law has been rendered doubtful by the court's latest pronouncements in *Hudson*, 522 U.S. at 102–03, 118 S.Ct. 488 ("[S]ome of the ills at which *Halper* was directed are addressed by other constitutional provisions. The Due Process and Equal Protection Clauses already protect individuals from sanctions which are downright irrational."). Whatever does remain of the *Halper* disproportionate sanction principle, it did not present a double jeopardy impediment to the forfeitures in *Bennis, Ursery* or *Hudson*. Given these hold-

ings, there seems little basis for reaching the opposite result here.

SHEPARD, C.J., concurs.