799 N.E.2d 555 (2003)
C.R.M., Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 42A05-0304-JV-204.
Court of Appeals of Indiana.
December 4, 2003.
*556 J. Dirk Carnahan, Vincennes, IN, Attorney for Appellant.
*557 Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
MAY, Judge.
C.R.M. appeals the denial of his motion to dismiss the State's petition alleging delinquency. He raises one issue, which we restate as whether the delinquency petition subjects him to double jeopardy when, based on the same possession of marijuana, he had already been subjected to a forfeiture proceeding under Ind.Code § 34-24-1-1.[1] We affirm and remand for delinquency proceedings.

FACTS AND PROCEDURAL HISTORY
On April 26, 2002, three police officers conducted an investigation at Vincennes Lincoln High School. In the pocket of C.R.M.'s pants, which were hanging in a gym locker, the officers found a wallet containing $550.00 and a cigarette box containing a plastic bag of marijuana and a rolled cigarette. C.R.M. admitted he was "a dope head," (App. at 5), but he denied being a drug dealer.
On May 8, 2002, the State filed a civil forfeiture claim against C.R.M., pursuant to Ind.Code § 34-24-1-1, to take the $550.00 found in his wallet. On June 10, 2002, the trial court entered a default judgment against C.R.M., forfeiting the $550.00.
On June 26, 2002, the State filed a petition alleging C.R.M. was a delinquent for committing possession of marijuana, which is a Class A misdemeanor if committed by an adult.[2] On July 25, 2002, C.R.M. filed a motion to dismiss, claiming the delinquency petition unconstitutionally subjected him to double jeopardy. The trial court denied his motion and certified its order for interlocutory appeal. We accepted jurisdiction.

DISCUSSION AND DECISION
C.R.M. claims the trial court erred by denying his motion to dismiss the State's delinquency petition alleging he possessed marijuana. C.R.M. argues the delinquency petition constitutes an unconstitutional second punishment under the Fifth Amendment to the United States Constitution because the State already punished him for possessing marijuana via forfeiture proceedings.[3] "Because the issue is a pure question of law, we conduct a de novo review." O'Connor v. State, 789 N.E.2d 504, 508 (Ind.Ct.App.2003), trans. denied.
The Federal Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The Clause prohibits both successive punishments and successive prosecutions. United States v. Ursery, *558 518 U.S. 267, 273, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). Important to C.R.M. is the fact that the Clause prohibits the government from "attempting a second time to punish criminally for the same offense." Id.
The State obtained C.R.M.'s $550 by way of a forfeiture proceeding. Forfeiture proceedings have characteristics of both civil and criminal proceedings, as they serve both remedial and punitive goals. Katner v. State, 655 N.E.2d 345, 347 (Ind. 1995). In fact, forfeiture of expensive or important items, such as a car or house, can have a "significant and potentially severe punitive function." Id. Therefore, we must determine whether the forfeiture proceeding by which the State confiscated $550 from C.R.M. constituted a "criminal punishment" for the purposes of the Double Jeopardy Clause.
The statute through which the State obtained title to the $550 was Ind. Code § 34-24-1-1, which permits the State to seize money or property that is used to commit or attempt to commit certain crimes. Causes of action filed against property rather than against a person are actions "in rem."[4] Accordingly, a forfeiture action under Ind.Code ch. 34-24-1 is an in rem action. See State v. Klein, 702 N.E.2d 771 (Ind.Ct.App.1998) (treating State's seizure of car under prior version of Ind.Code § 34-24-1-1 as an in rem proceeding), trans. denied 726 N.E.2d 306 (Ind.1999).
"Since the earliest years of this Nation, Congress has authorized the Government to seek parallel in rem civil forfeiture actions and criminal prosecutions based upon the same underlying events." Ursery, 518 U.S. at 274, 116 S.Ct. 2135. The United States Supreme Court has considered whether such parallel proceedings violate the Double Jeopardy Clause, "consistently concluding that the Clause does not apply to such actions because [civil forfeitures] do not impose punishment." Id.
Nevertheless, the Supreme Court has developed a two-part test to determine whether, in a specific case, an in rem forfeiture constitutes criminal punishment for Fifth Amendment purposes. Id. at 288, 116 S.Ct. 2135. First, we ask whether the legislature intended the proceedings under Ind.Code § 34-24-1-1 to be civil or criminal. See id. Second, we determine "whether the proceedings are so punitive in fact as to `persuade us that the forfeiture proceedings may not legitimately be viewed as civil in nature,' despite [the legislature's] intent." Id. (quoting United States v. One Assortment of 89 Firearms, 465 U.S. 354, 366, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984)).
Under the first step of this analysis, we have no doubt that our legislature intended forfeitures under Ind.Code ch. 34-24-1 to be civil in nature. In fact, our supreme court has held the legislature intended proceedings under the prior version of this statute to be civil. Katner, 655 N.E.2d at 347 (discussing Ind.Code § 34-4-30.1-1, which was repealed in 1998 and replaced by Ind.Code § 34-24-1-1). See also Klein, 702 N.E.2d at 774 (finding legislature intended forfeiture under Ind.Code § 34-24-1-1 to be civil). Accordingly, we follow that precedent.
Under the second step, we are to consider whether, despite the legislature's intent, the proceedings are so punitive we *559 must consider the forfeiture a criminal proceeding. Ursery, 518 U.S. at 274, 116 S.Ct. 2135. The Supreme Court has stressed that, to find a statute criminal despite Congress' intent to the contrary, we need the "clearest proof" that the statute is punitive in form and effect. Id. at 290, 116 S.Ct. 2135. Some of the factors we may consider when making that determination include: 1) whether the statutes "serve important nonpunitive goals," id., such as ensuring property owners prohibit their property from being used for illegal purposes, abating a nuisance, and removing profits of illegal acts, id.; 2) whether the government's action has historically been regarded as punishment, Hudson v. United States, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); 3) whether there is a requirement that the government demonstrate scienter, id.; 4) whether the deterrence serves civil as well as criminal goals, id.; 5) whether the "sanction involves an affirmative disability or restraint," id.; 6) whether the sanction is tied to criminal activity, id.; and 7) whether the sanction is excessive when compared to the purpose. Id.
C.R.M. argues that we should hold, under this second step, the forfeiture of his $550 was so punitive it amounted to a criminal proceeding. To support his argument, he cites Klein, 702 N.E.2d at 773. In Klein, another panel of this court held that the federal Double Jeopardy Clause was violated when the State filed criminal charges against a defendant after the State had seized the defendant's car based on the commission of the same offenses. Id. at 775. However, we decline to follow Klein for the following reason.
In reaching its decision under the second step of the Ursery test, the Klein panel said:
Other than the interview with [the victim], the Records do not contain any evidence that law enforcement was required to engage in a lengthy investigation. The Records similarly do not contain any evidence that Klein evaded or attempted to evade the police or that he put up any resistance when arrested, all of which might have caused the expenditure of law enforcement resources. Thus, as the trial court found, there is no purpose for the forfeiture other than punishment. For this reason, we hold that jeopardy attached upon the punitive forfeiture of Klein's car.
Id. at 774-775. The court further explained in a footnote that its decision rested on language in United States v. Torres, 28 F.3d 1463 (7th Cir.1994), cert. denied 513 U.S. 1059, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994), wherein Judge Easterbrook said:
"The United States would do well to seek imprisonment, fines, and forfeiture in one proceeding. When choosing between civil and criminal forfeitures, the prosecutor will have to recall that after Halper, Austin, and Kurth Ranch, the nomenclature `civil' does not carry much weight. We must consider whether, by beginning separate, but parallel proceedings, the prosecutor has freed [the defendant] from imprisonment."
Klein, 702 N.E.2d at 775 n. 4 (quoting Torres, 28 F.3d at 1464-65).
However, between the time Judge Easterbrook made that statement in Torres and this court decided Klein, the United States Supreme Court decided Ursery, in which the Court was again asked to address whether in rem civil proceedings constituted "punishment" for Double Jeopardy purposes. The Court held:
In sum, nothing in Halper, Kurth Ranch, or Austin purported to replace our traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double *560 Jeopardy Clause. Congress long has authorized the Government to bring parallel criminal proceedings and civil forfeiture proceedings, and this Court consistently has found civil forfeitures not to constitute punishment under the Double Jeopardy Clause. It would have been quite remarkable for this Court both to have held unconstitutional a well-established practice, and to have overruled a long line of precedent, without having even suggested that it was doing so. Halper dealt with in personam civil penalties under the Double Jeopardy Clause, Kurth Ranch with a tax proceeding under the Double Jeopardy Clause; and Austin with civil forfeitures under the Excessive Fines Clause. None of those cases dealt with the subject of these cases: in rem civil forfeitures for purposes of the Double Jeopardy Clause.
Ursery, 518 U.S. at 287-88, 116 S.Ct. 2135. Accordingly, to the extent the outcome in Klein rested on Judge Easterbrook's reliance on United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and Department of Revenue of Montana v. Kurth Ranch, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), we believe the decision in Klein was wrong.
More specifically, Klein is wrong because it determined, under the second part of the Ursery test, whether an in rem forfeiture was criminal punishment by comparing "the expenditure of law enforcement resources" with the value of Klein's property. Klein, 702 N.E.2d at 774. The panel held that the record did not demonstrate any extraordinary expenses by the government, and therefore the forfeiture was punishment. Id. The panel's analysis, however, was inappropriate for civil forfeitures.
In Ursery, the Supreme Court explained that, when determining whether civil penalties are punishment under the Fifth Amendment, we balance the size of the civil penalty against the government's harm. 518 U.S. at 283, 116 S.Ct. 2135. This is because "[c]ivil penalties are designed as a rough form of `liquidated damages' for the harms suffered by the Government as a result of a defendant's conduct." Id. at 283-84, 116 S.Ct. 2135.
In contrast, "for double jeopardy purposes, we have never balanced the value of property forfeited in a particular case against the harm suffered by the Government in that case." Id. at 283, 116 S.Ct. 2135.
Civil forfeitures ... are designed to do more than simply compensate the Government. Forfeitures ... are designed primarily to confiscate property used in violation of the law, and to require disgorgement of the fruits of illegal conduct. Though it may be possible to quantify the value of the property forfeited, it is virtually impossible to quantify, even approximately, the non[-]punitive purposes served by a particular civil forfeiture.... Quite simply, the case-by-case balancing test ... in which a court must compare the harm suffered by the Government against the size of the penalty imposed, is inapplicable to civil forfeiture.
Id. at 284, 116 S.Ct. 2135. Accordingly, the Klein court erred when it attempted to balance Klein's forfeiture against the government's expenses, because it was applying the test for civil penalties to a civil forfeiture. See Klein, 702 N.E.2d at 774. We decline C.R.M.'s invitation to follow Klein.
To determine whether C.R.M.'s in rem forfeiture is a criminal punishment for Fifth Amendment purposes, we follow Ursery. In rem forfeitures have historically *561 been held to be civil, not criminal proceedings. See Ursery, 518 U.S. at 287, 116 S.Ct. 2135. While forfeiture under Ind. Code § 34-24-1-1 is tied to criminal activity, the government is not required to establish scienter. See, e.g., id. at 291, 116 S.Ct. 2135. Moreover, although Ind.Code § 34-24-1-1 may deter criminal behavior by being punitive, that punitive nature has both criminal and civil purposes. As our supreme court explained in Katner, when discussing the prior version of this same forfeiture statute:
Serving more than a punitive purpose, civil forfeiture proceedings advance diverse legislative interestswhile punishing and deterring those who have engaged in illegal drug activity, forfeiture simultaneously advances other non-punitive, remedial legislative goals. First, forfeiture creates an economic disincentive to engage in future illegal acts. It also serves another significant, albeit secondary, purpose. Forfeiture advances our Legislature's intent to minimize taxation by permitting law enforcement agencies, via the sale of property seized, to defray some of the expense incurred in the battle against drug dealing. It is these broad remedial characteristics which support [a] determination that forfeiture actions are civil in nature.
Katner, 655 N.E.2d at 347. This evidence does not provide the "`clearest proof' necessary to show that a proceeding is criminal." Ursery, 518 U.S. at 292, 116 S.Ct. 2135. Therefore, we hold an in rem forfeiture under Ind.Code § 34-24-1-1 is civil for purposes of the Fifth Amendment's Double Jeopardy Clause. See Katner, 655 N.E.2d at 347; see, e.g., Ursery, 518 U.S. at 292, 116 S.Ct. 2135.
Because civil forfeiture under Ind. Code § 34-24-1-1 is not punishment for Fifth Amendment purposes, the Double Jeopardy Clause was not violated when C.R.M. was required to forfeit $550 and then was alleged to be a delinquent. Accordingly, the trial court did not err when it declined to grant C.R.M.'s motion to dismiss the delinquency petition.
Affirmed and remanded.
DARDEN, J., and BARNES, J., concur.
NOTES
[1] Ind.Code § 34-24-1-1 provides for "[s]eizure of vehicles and property related to the commission or attempt to commit certain crimes." Under that statute, the State may seize "all money ... commonly used as consideration for a violation of IC 35-48-4." I.C. § 34-24-1-1(a)(2). The delinquency petition alleged C.R.M. violated Ind.Code § 35-48-4-11(1).
[2] Ind.Code § 35-48-4-11(1).
[3] C.R.M. does not provide a separate state constitutional argument; rather he claims the analysis of the double jeopardy provisions in the federal and state constitutions is the same. Accordingly, we address only the double jeopardy provision of the Fifth Amendment to the federal constitution. See, e.g., State v. Klein, 702 N.E.2d 771, 773 (Ind.Ct.App.1998), trans. denied 726 N.E.2d 306 (Ind.1999); O'Connor v. State, 789 N.E.2d 504, 507 n. 8 (Ind.Ct.App. 2003), trans. denied.
[4] "In rem" means "against a thing." Black's Law Dictionary 797 (7th ed. 1999). An "action in rem" determines "the title to property and the rights of the parties, not merely among themselves, but also against all persons at any time claiming an interest in that property." Id. at 30.