## JUDY v. THOMPSON.

[No. 19,111.   Filed April 26, 1901.]

PENALTIES.—*Failure to Release Mortgage.—Attorney's Fees.—Constitutional Law.*—The act of February 18, 1893 (Acts 1893, p. 64), providing that a mortgagee, upon failure to release a mortgage when paid, shall forfeit to the mortgagor, as a penalty therefor, the sum of $25 dollars together with reasonable attorney's fees incurred in collecting the same, is not unconstitutional as being in violation of the provisions of the Bill of Rights, that property shall not be taken without just compensation, and that it grants to one class of citizens special privileges.   Nor is the act rendered void by the provision for an attorney's fee in addition to the penalty. *pp. 533-535.*

CONSTITUTIONAL LAW.—*Penalties.—School Fund.*—The provision of the Constitution that the common school fund shall consist of the moneys to be derived "from the fines assessed for breaches of the penal laws of the State, and from all forfeitures which may accrue," does not apply to civil actions for the recovery of penalties. *p. 535.*

From the Fountain Circuit Court.   *Affirmed.*

*Ele Stansbury* and *C. G. Rossiter,* for appellant.

*E. F. McCabe,* for appellee.

DOWLING, C. J.—This is an action for the recovery of a statutory penalty.   The only question presented is that of the constitutionality of the act of February 18, 1893, Acts 1893, p. 64, §1105 Burns 1894, which reads as follows: "That any person being the owner or holder of any mortgage recorded in the State of Indiana, or the officer of any bank, loan association, or other corporation, being the owner or holder of any mortgage so recorded, or any administrator, executor, guardian, trustee or other person whose duty it shall be to release any mortgage so recorded, who shall refuse, neglect or fail to release such mortgage of record when

the debt or obligation which such mortgage was made to secure shall have been paid or discharged, and he shall have been requested to release the same, shall forfeit and pay to the mortgagor or person having the right to demand the release of such mortgage, the sum of $25, which sum may be recovered by suit in any court of competent jurisdiction, together with reasonable attorney's fees incurred in the collection of said penalty."

The validity of the act is assailed upon the ground that it authorizes the taking of the property of the citizen without just compensation, in violation of §21 of the Bill of Rights, article 1, of the Constitution of this State; that it grants to one class of citizens privileges which, upon the same terms, do not equally belong to all citizens, as required by §23 of the Bill of Rights; that the act diverts the penalty from the school fund, in contravention of §2 of article 8 of the Contsitution; and that the provision in the act for the addition of an attorney's fee renders the amount of the penalty uncertain, and the act void.

The argument in support of these objections is by no means convincing, and none of the authorities referred to sustains it. The first two objections might be urged with equal force against the constitutionality of every penal statute where the penalty, or any part of it, is given to the party injured, and yet we know that similar statutes have everywhere been upheld. The penalty in such cases is imposed upon grounds of public policy. The motives of the legislature are not open to judicial inquiry. That there are substantial reasons for such a statutory requirement is very evident. The record of mortgages is a public record, and is intended for the information of the public generally. It is resorted to by the officers charged with the duty of discovering property subject to taxation, and placing it upon the assessment lists. When the mortgage debt has been paid it is important, both to the mortgagor and to the public, that the record should show that fact, and that the encum-

brance no longer exists.  The mortgagor has such a direct interest in having the entry of satisfaction made where the debt has been paid that he is the proper person to prosecute the action and to receive the penalty.  *Western Union Tel. Co.* v. *Wilson,* 108 Ind. 308, 311, 312; *Scott* v. *Field,* 75 Ala. 419, 422; *Clearwater Bank* v. *Kurkonski,* 45 Neb. 1, 63 N. W. 133; *State* v. *Schoonover,* 135 Ind. 526, 21 L. R. A. 767; *People* v. *Budd,* 117 N. Y. 1, 22 N. E. 670, 5 L. R. A. 559, 15 Am. St. 460; *State* v. *Gerhardt,* 145 Ind. 439, 450.

The provision of the Constitution that "the common school fund shall consist of" the moneys to be derived "from the fines assessed for breaches of the penal laws of the State; and from all forfeitures which may accrue", does not apply to civil actions for the recovery of penalties.  *Toledo, etc., R. Co.* v. *Stephenson,* 131 Ind. 203; *Pennsylvania Co.* v. *State,* 142 Ind. 428.

But if it did, the fact that the statute gave the penalty to the party aggrieved would not render the act unconstitutional.  The representatives of the State could demand its payment to the proper officer for the use of the school fund.  We can discover no objection to the allowance of an attorney's fee in cases of this kind.  *Dowell* v. *Talbot, etc., Co.,* 138 Ind. 675.

There is no error in the record.  Judgment affirmed.