IRENE D. HAMILTON *v.* STATE OF INDIANA EX REL. RALPH W.
VAN NATTA, COMMISSIONER OF BUREAU OF
MOTOR VEHICLES.

[No. 1-974A138. Filed March 6, 1975. Rehearing denied April 8, 1975.
Transfer denied September 18, 1975.]

*Edward W. Johnson, Johnson, Carroll and Griffith,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—Hamilton brings this appeal from her conviction under the Habitual Traffic Offenders Statute contending that the statute is unconstitutional as an ex post facto law, bill of attainder and imposes double jeopardy.

We hold that the statute as applicable to Hamilton is constitutional.

On July 20, 1973, Hamilton was charged by affidavit with being an habitual traffic offender pursuant to IC 1971, 9-4-13-5. The affidavit specified seven traffic convictions, one offense and conviction occurring after September 1, 1972, the effective date of the act.

The trial court issued to Hamilton a rule to show cause why she should not be adjudged an habitual traffic offender. A hearing was held upon the show cause order after which the trial court adjudged Hamilton an habitual traffic offender and suspended her driver's license for ten years. This appeal follows.

All three of the issues raised by Hamilton involve challenges to the constitutionality of the act. She first argues that the Habitual Traffic Offenders Statute, IC 1971, 9-4-13-1 *et seq.*, is an ex post facto law. However, that argument has previously been rejected by our Supreme Court in *State ex rel. Van Natta* v. *Rising* (1974), 262 Ind. 33, 310 N.E.2d 873.

Hamilton next contends that the statute places her in double jeopardy arguing that since she had previously received a penalty for the offense which triggered the action under this statute, the additional penalty imposed in this case places her in jeopardy twice for the same offense.

This argument is refuted by the following language of Justice Arterburn in *State ex rel. Van Natta* v. *Rising, supra.*

"The operation of this statute, which results in the deprivation of the license to drive, is not a punishment as a result of a criminal proceeding, but is rather an exercise of the police power for the protection of the public. The appellee is not receiving increased punishment for the previous convictions, but is automatically falling into a class of persons prohibited from driving on the public highways for the protection of the remaining public using the highways." 310 N.E.2d at 875.

Hamilton finally contends that the statute constitutes an unconstitutional bill of attainder.

Hamilton argues that the statute creates a separate class of people—those persons who, prior to the enactment of the statute, had two or more convictions within a 10 year period for certain motor vehicle violations. Upon the first conviction after September 1972, persons in this class are subject to being declared an habitual traffic offender, whereas persons without the class receive only the statutory penalty for the particular offense. Therefore, according to Hamilton, the legislature has imposed a penalty without judicial trial creating a bill of attainder.

A bill of attainder is a legislative act which inflicts punishment without a judicial trial. *Cummings* v. *Missouri* (U.S. 1867), 4 Wall. 277, 18 L.Ed. 356. The distinguishing feature of a bill of attainder is the substitution of a legislative for a judicial determination of guilt. *United States* v. *Lovett* (1946), 328 U.S. 303, 66 S.Ct. 1073. The initial inquiry must be whether the disability imposed by the act is "punishment" or merely regulation. *United States* v. *Brown* (1965), 381 U.S. 437, 85 S.Ct. 1707. Only the clearest of proof will suffice to establish a statute unconstitutional on grounds that it is punitive rather than regulatory. *Fleming* v. *Nestor* (1960), 363 U.S. 603, 80 S.Ct. 1367.

It should be noted that the Habitual Traffic Offenders Statute imposes no penalty, punitive or otherwise, on persons with prior convictions for traffic offenses. The statute embodies no further implications of guilt than are contained in the original convictions. The statute is inoperative until the accused is

convicted, in a judicial proceeding, of certain traffic offenses, at least one of which must have occurred after September, 1972. The finding of guilt in a judicial trial is implicit in the statute.

Once the statute imposes its sanctions upon a person convicted of the requisite traffic offenses, the intent is purely regulatory, not punitive. The legislature enunciated the purpose of the statute as follows:

"Purpose of law.—It is the purpose of this chapter [9-4-13-1—9-4-13-18] to reduce the number of motor vehicle accidents in this state and to provide greater safety to the motoring public by denying to habitual traffic offenders the privilege of operating a motor vehicle. [IC 1971, 9-4-13-1, as added by Acts 1972, P.L. 81, § 1, p. 510]."

The statute merely seeks to ban from the public highways those individuals whose disregard for the traffic laws is inconsistent with the lawful regulation of an activity which involves the health and safety of the state citizenry.

"The purpose of the law is to classify those who—in the interest of the public safety and health—should be prohibited from using the highways. The same rationale could be used where a statute prohibits a person with impaired eyesight from driving. A classification based upon conditions existing prior to the statute, although retrospective in application, is not constitutionally infirm when the classification is relevant to the objective of the statute, in this case, public safety and health." *State ex rel. Van Natta* v. *Rising, supra,* at 874-875.

The Habitual Traffic Offenders Statute is not a bill of attainder, an ex post facto law, nor does it impose double jeopardy.

Judgment affirmed.

Lowdermilk, J., concurs; Hoffman, J., concurs by designation.