Fortunado RIVERA, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8601–CR–126.

Supreme Court of Indiana.

Nov. 25, 1987.

Robert Garrett, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following conviction in a trial by jury of the crime of burglary. Appellant received a 6 year sentence for burglary, which was enhanced by 30 years as the result of an habitual offender determination.

Appellant challenges the sufficiency of the evidence and presents arguments concerning the testimony of Wilding Rivera and the validity of the underlying felony convictions used to support the habitual offender determination.

These are the facts from the record which tend to support the determination of guilt: Debra Scott testified that she left her apartment at approximately 7:35 p.m. on October 22, 1984, to go to an upstairs apartment. When she returned she discovered her apartment had been broken into and her television and purse were missing. Scott testified that she was acquainted with appellant and that shortly before she left her apartment she saw appellant and another man across the street.

Police observed appellant and Wilding Rivera in an alley carrying a television set and stuffing something into a garbage can. The two were stopped, questioned, and ar-

rested, with police taking possession of the television and a black purse found in the garbage can. Scott later identified the television and purse as belonging to her. Wilding Rivera (no relation to appellant) entered a plea agreement in which he agreed to plead guilty to theft, class D felony, in exchange for his testimony for the prosecution. He testified that he met appellant in a park between 6:30 and 7:00 p.m. on October 22, 1984, at which time appellant suggested that they commit a burglary. After declining the offer, Wilding Rivera again met appellant in an alley at about 7:45 p.m. the same evening when appellant was carrying a TV and a purse which appellant said had been stolen.

Appellant appears to assert two different rationales to attack the testimony of Wilding Rivera: (A) that his testimony at trial was inconsistent with his guilty plea; and (B) that the State violated a discovery order by not disclosing to the defense that Wilding Rivera suffered from a mental disorder.

### A

Appellant contends that Wilding Rivera's trial testimony was incompatible with his guilty plea. At trial, Wilding Rivera testified that he ran into appellant in an alley and that appellant was carrying a television and a purse. Appellant asked him to help carry the purse and he agreed. He testified appellant told him he had stolen the purse. Wilding Rivera then went through the contents of the purse and removed some prescription drugs and a wrench, all of which he put in his pocket. The police then arrived and Wilding Rivera tried to hide the purse in a garbage can.

Appellant asserts that this testimony is contradictory to the plea of guilty to theft, a class D felony. I.C. § 35–43–4–2 is the general theft statute. It provides:

"(a) A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."

Wilding Rivera's testimony that he knew the purse was stolen and that he removed prescription drugs and a wrench from that purse and put them in his pocket is a sufficient factual basis so as not to be inconsistent with a plea of guilty to the crime of theft.

### B

Appellant next asserts that the State failed to disclose, in violation of a discovery order, that its witness Wilding Rivera suffered from a mental disorder. He urges that he was prevented from challenging the competency of Wilding Rivera, that the testimony of Wilding Rivera should not be considered, and that absent that testimony, there was insufficient evidence to support the conviction.

During cross-examination of Wilding Rivera, the following dialogue took place.

Q. Mr. Rivera.... [a]re you taking any medication that would affect your being able to testify clearly and correctly about the events that happened back in October, today?

A. No.

Q. You do take medication though, is that correct?

A. Yes.

Q. What type of medication is it?

A. Prolixin and Thorazine.

\* \* \* \* \* \*

Q. Do you know what type of mental medical problem you have that has made you incapacitated from working?

\* \* \* \* \* \*

A. Yeah, schizophrenia.

Defense counsel was obviously aware of Wilding Rivera's mental problems as they were brought out for the first time and immediately upon the onset of cross-examination. Appellant has failed to show how any neglect on the part of the State in failing to inform the defense of Wilding Rivera's mental condition was prejudicial to him. Defense counsel was aware of the condition and brought it to the attention of the jury. The State's failure to include this in discovery, if they were aware of the condition, did not harm appellant's case.

■ Furthermore, the evidence recited above was clearly sufficient to warrant a reasonable trier of fact in concluding to a moral certainty beyond a reasonable doubt that appellant was guilty of burglary as charged.

■ Appellant next challenges the proof of his prior convictions, specifically claiming that it does not show that he was represented by counsel during the proceedings at which he entered guilty pleas, that it does not show that he was fully informed of his rights, and that the pleas were voluntarily entered. On the first point, the lawyers providing representation for appellant on each such occasion are identified by name. The proof is clearly sufficient in this regard. The second point raised, namely sufficiency of the record to show an adequate colloquy on the subject of trial rights and the voluntariness of the action taken, is not available in this appeal. *Edwards v. State* (1985), Ind., 479 N.E.2d 541.

The conviction is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.