Robert GOLIDAY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–8612–CR–1039.

Supreme Court of Indiana.

Aug. 18, 1988.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Robert Goliday was found guilty of burglary and theft, and was determined to be a habitual offender. He appeals claiming error related to: 1) admission of testimony of prior uncharged burglaries, 2) refusal of tendered instruction, 3) admission of State's Exhibit 32, and 4) sufficiency of the evidence for the habitual offender determination.

■ As its first argument, appellant's brief claims that the trial court erred in allowing evidence of unrelated prior crimes. However, the brief makes only general references to "evidence of prior uncharged burglaries" and fails to otherwise identify the specific evidence which defendant claims was erroneously admitted. Nor can we discern the particulars of defendant's argument by referring to his motion to correct errors. It likewise fails to identify the specific exhibits and oral testimony which it claims were erroneously admitted. We deem these arguments waived by a failure to present cogent argument and to comply with the requirements of Appellate Rule 8.3(A)(7).

Defendant next asserts that the trial court erred in refusing a tendered instruction relating to permissible inferences. Other than the bald assertion that he was entitled to the instruction as a correct statement of law, defendant fails to present supporting authority. We further find the substance of the tendered instruction adequately covered by other instructions which were given.

■ Defendant next contends that the trial court erred in admitting State's Exhibit 32, a duly certified copy of an unsigned order book entry of defendant's sentencing for one of the prior felony convictions upon which the habitual offender finding was based. Defendant argues that the exhibit was defective because of the lack of the judge's signature and should not have been admitted into evidence. We disagree.

Defendant does not contend that the exhibit failed to be properly authenticated or certified pursuant to Ind. Code §§ 34-1-17-7 or 34-1-18-7, or to Trial Rule 44 of

the Indiana Rules of Procedure, but rather argues that the sentencing order itself was defective by reason of the absent signature.

A collateral attack on the validity of previous convictions is not available to a defendant on a habitual criminal charge. *Brown v. State* (1986), Ind., 497 N.E.2d 1049; *Olinger v. State* (1986), Ind., 494 N.E.2d 310; *Jones v. State* (1981), Ind., 425 N.E.2d 82. The trial court did not err in admitting the properly certified copy of the unsigned order book entry.

Defendant's final contention claims insufficient evidence for the habitual offender finding. The habitual offender count charges that on or about October 8, 1976, in Marion Superior Court, Criminal Division 4, defendant was convicted of "entering to commit a felony," whereas the sentencing order, State's Exhibit 32, contains the heading "first degree burglary." The record reflects that defendant had pled guilty to the lesser offense of entering to commit a felony arising out of the original first degree burglary charge. We decline to find the inconsistency sufficient to impair either the admissibility of Exhibit 32 or the sufficiency of evidence supporting the habitual offender determination.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.