## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 25 2016, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

PRO SE APPELLANT

Robert Smith
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Smith,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

August 25, 2016

Court of Appeals Case No.
49A05-1601-MI-158

Appeal from the Marion Superior Court

The Honorable James B. Osborn, Judge

Trial Court Cause No.
49D14-1308-MI-32290

**Bailey, Judge.**

# Case Summary

Pro-se Appellant Robert Smith ("Smith") appeals a summary judgment granted to the State of Indiana ("the State") upon the State's Complaint for Forfeiture. We affirm.

# Issues

Smith presents two issues for review:

I. Whether Indiana Code Section 34-24-1-1 is unconstitutional; and

II. Whether the trial court improvidently granted summary judgment to the State in light of the State's lack of response to Smith's motion for release of funds in his criminal case.

# Facts and Procedural History

During the early evening of July 2, 2013, Indianapolis Police Officer Christopher Shaw ("Officer Shaw") saw Smith, who was not wearing a seatbelt, driving a 1995 Chevy truck in reverse. Officer Shaw initiated a traffic stop. Smith was found to be in possession of more than eight grams of cocaine. Smith also had $535.00 in cash. The truck and cash were confiscated.

Smith was arrested and charged with Dealing in Cocaine, Possession of Cocaine, and Resisting Law Enforcement. At the conclusion of a jury trial on

July 30, 2014, he was convicted as charged. Smith was sentenced to twenty years imprisonment.

[5] On August 23, 2013, the State filed a Complaint for Forfeiture, in civil cause number 49D14-1308-MI-032290 ("Cause No. MI-032290"). The named defendants were Smith, $535.00 in U.S. Currency, One 1995 Chevrolet, and Cassandra Carter ("Carter"), who allegedly held title to the 1995 Chevrolet. Carter entered into an agreed judgment with the State providing for forfeiture of the 1995 Chevrolet, and she was dismissed as a defendant. On October 22, 2015, the State filed its motion for summary judgment. On October 30, 2015, the trial court entered an order providing in part: "If neither party requests a hearing, the Court shall rule on the motion without further notice or hearing." (App. at 17.)

[6] Prior to the disposition of the forfeiture claim, on June 2, 2015, in criminal cause number 49G20-1307-FA-043290 ("Cause No. FA-043290"), Smith filed a pro-se "Motion for Release of Funds." (App. at 1.) Smith requested the release of the $535.00 in cash, but did not assert a claim regarding the 1995 Chevy truck.[1] On June 12, 2015, the trial court entered an order stating that the State had thirty days to file a response. Smith subsequently filed a motion for summary judgment, alleging that the State had failed to file a response and he

---

[1] Smith asserts that Carter provided her attorney with proof of Smith's income, in an effort to verify that the $535.00 was legally obtained.

was entitled to summary judgment.  On August 3, 2015, the trial court denied Smith's motion for summary judgment.

[7] On November 25, 2015, Smith filed a "Motion to Reconsider Denial of Summary Judgment," his initial filing in Cause No. MI-032290.  (App. at 6.) In that motion, Smith claimed that the State's civil forfeiture claim should be dismissed because the State "did not respond in a timely manner" to Smith's "Motion for Return of Funds [of] June 2, 2015."  (App. at 6.)

[8] On December 22, 2015, the in rem civil proceedings concluded when the trial court entered a judgment of forfeiture against Smith and the named property. This appeal ensued.

# Discussion and Decision

## Constitutionality of Forfeiture Statute

[9] Smith asserts that Indiana Code Section 34-24-1-1 is unconstitutional.  The portion relevant to forfeiture of Smith's property provides:

> The following may be seized: . . . Real or personal property[.] . . . Money . . . found near or on a person who is committing, attempting to commit, or conspiring to commit any of the following offenses shall be admitted into evidence in an action under this chapter as prima facie evidence that the money . . . is property that has been used or was to have been used to facilitate the violation of a criminal statute or the proceeds of the violation of a criminal statute:  IC 35-48-4-1 (dealing in or manufacturing cocaine or a narcotic drug).

I.C. § 34-24-1-1(a)(18)(d)(1). We presume that a statute is constitutional, and the challenger bears the burden of proving it is not. *$100 v. State*, 822 N.E.2d 1001, 1008 (Ind. Ct. App. 2005). All reasonable doubts are to be resolved in favor of the statute's constitutionality. *Id.*

[10] Smith's argument with respect to the constitutionality of Indiana Code Section 34-24-1-1 is as follows:

> Firstly, Smith asserts, that the forfeiture statue in Indiana is unconstitutional. Therefore, review of the argument is de novo. *Willis v. State*, 806 N.E.2d 817 (Ind. Ct. App. 2004). Smith claims the forfeiture of his property violates the prohibition in the United States Constitution against Excessive Fines and serves more than a remedial purpose. Smith also asserts that this taking of his property is no more than a bill of attainder inflicting punishment on individuals without a judicial trial.

Appellant's Brief at 5. Smith's bald assertion of unconstitutionality does not constitute cogent reasoning, as required by Indiana Appellate Rule 46(A)(8). To the extent that Smith asserts that the forfeiture statute is a bill of attainder, a panel of this Court has previously rejected a similar argument. *See $100 v. State*, 822 N.E.2d at 1012-13 (describing a bill of attainder as a substitution of a legislative for a judicial determination of guilt and concluding that the forfeiture statute is not a bill of attainder because a judicial trial occurs prior to a court order of forfeiture). Smith has not proved the forfeiture statute to be unconstitutional.

# Grant of Summary Judgment

Pursuant to Indiana Trial Rule 56(C), a movant is entitled to summary judgment if the designated material shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A trial court's grant of summary judgment on appeal to this Court is "clothed with a presumption of validity," and an appellant has the burden of demonstrating that the grant of summary judgment was erroneous. *Williams v. Tharp*, 914 N.E.2d 756, 762 (Ind. 2009).

Smith claims that "the State's case should have been dismissed for failure to timely pursue their case." Appellant's Brief at 5. We observe that Smith filed no response to the motion for summary judgment in Cause No. MI-032290 until his motion to reconsider and filed no separate request for dismissal prior to the grant of summary judgment.

Nonetheless, as best we can discern Smith's argument on appeal, he contends that the State was not entitled to pursue a summary judgment in the civil proceedings because the State did not respond to Smith's motion for return of funds filed in Cause No. FA-043290. According to Smith, the State's failure to respond to his motion and failure to "file a separate cause of action as required by the forfeiture statute" and "follow-up with forfeiture proceedings" denied Smith due process that should be afforded to an "innocent owner." Appellant's Brief at 6. This argument does not address the merits of the State's entitlement to judgment as a matter of law in Cause No. MI-032290. Thus, Smith has not

overcome the presumption of validity attached to the summary judgment order in the civil forfeiture case.

# Conclusion

[14] Smith has not demonstrated that Indiana Code Section 34-24-1-1 is unconstitutional or that the grant of summary judgment to the State is erroneous.

[15] Affirmed.

Riley, J., and Barnes, J., concur.